AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

<table>
<tr><td>United States of America<br>v.<br><br>VICTOR PICENO MADRIGAL,<br>ERICK LARIOS ACOSTA<br><br><br>Defendant(s)</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.   1:26-mj-00054-EPG</td></tr>
</table>

**FILED**

**May 14, 2026**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **May 13, 2026** in the county of **Fresno** in the **Eastern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 846, 841(a)(1), (b)(1)(A) | Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances & Possession with Intent to Distribute a Controlled Substance<br><br>Penalty:<br>Mandatory minimum of 10 years in prison and up to life; or<br>Fine of up to $10,000,000; or both fine and imprisonment<br>Supervised release of at least 5 years and up to life<br>$100 Special Assessment |

This criminal complaint is based on these facts:

See Attached Affidavit of DEA SA Aaron Cha, attached hereto and incorporated herein.

☑ Continued on the attached sheet.

*Aaron Cha*

*Complainant's signature*

Aaron Cha, DEA Special Agent

*Printed name and title*

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1, 4(d), and 41(d)(3).

Date: **May 14, 2026**

*Erica P. Grosjean*

*Judge's signature*

City and state:     Fresno, California     Hon. Erica P. Grosjean, U.S. Magistrate Judge

*Printed name and title*

ERIC GRANT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff<br><br>                    v.<br><br>VICTOR PICENO MADRIGAL and<br>ERICK LARIOS ACOSTA,<br><br>                              Defendants. | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF A COMPLAINT<br>AND ARREST WARRANTS<br><br>**UNDER SEAL** |

I, Aaron Cha, being first duly sworn, hereby depose and state as follows:

## I.    **INTRODUCTION**

1.      This affidavit is in support of a criminal complaint and arrest warrants for **Victor Piceno Madrigal** and **Erick Larios Acosta** for violating Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute 400 Grams and More of a Mixture Containing a detectable Amount of -phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("Fentanyl") and Title 21, United States Code, Section 846, Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams and More of a Mixture Containing a Detectable amount of -phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("Fentanyl").

AFFIDAVIT

## II.   AGENT BACKGROUND

2.   I am a DEA Special Agent (SA), United States Department of Justice. I have been employed since November, 2024. I am presently assigned to the DEA Fresno District Office (FDO) in Fresno, California. During my training, I completed a seventeen-week DEA Basic Agent Training Academy in Quantico, Virginia. This training included instruction in the investigation of federal drug violations, including, but not limited to, Title 21, United States Code, Sections 841(a)(1) and 846.

3.   I have participated in narcotic-related investigations and operations as a supporting investigator, and have spoken with more senior narcotics investigators who have extensive experience in various investigative methods including but not limited to physical surveillance, electronic surveillance, phone toll analysis, records research, executed search warrants, photo and video analysis, interviews of confidential informants, defendants and witnesses. I have discussed with law enforcement officers, cooperating defendants, and informants, the methods and practices used by narcotics distributors. I am a law enforcement officer as defined by federal statutes.

4.   The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

5.   Because this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrants for the individuals set forth above, I have not included every fact known to me concerning this investigation.

## III.   PROBABLE CAUSE

### A.   Deputy observes a Honda Civic Commit a Vehicle Code Violation

6.   On May 13, 2026, at approximately 6:09 PM, Fresno County Sheriff's Office Deputy Juan Guzman was patrolling in a marked vehicle and full uniform, around Interstate 5

AFFIDAVIT

and West Dorris Ave in Fresno County.  While traveling north on Interstate 5 in the number 2[1] lane, Deputy Guzman observed a Silver Honda Civic in the number one lane passing his marked police vehicle. As Deputy Guzman observed the Honda Civic pass him, he noticed the Honda Civic was following too closely to the vehicle in front of it, a violation of California Vehicle Code Section 21703. Deputy Guzman determined the unsafe distance between the Honda Civic and the vehicle directly in front of it was approximately two car lengths or approximately 30 feet. Based on Deputy Guzman's training, experience, approximately two car lengths while traveling at approximately 70 miles per hour is an unsafe distance between two vehicles to prevent a collision from occurring. Per the National Highway Traffic Safety Association, a safe travelling distance for a vehicle going 70 miles per hour would be approximately 200 feet.

**B.** **Traffic Stop of Honda Civic leads to Discovery of 7kgs of Fentanyl**

7.      After observing the vehicle violation, Deputy Guzman positioned his marked police vehicle behind the Honda Civic. Deputy Guzman activated the emergency lights and initiated an enforcement stop.   The Honda Civic stopped for Deputy Guzman on the shoulder of northbound Interstate 5 North, South of West Dorris Ave.

8.      After the Honda Civic was stopped, Deputy Guzman approached the vehicle and identified a driver and passenger in the vehicle.  The driver was identified as **Victor Piceno Madrigal,** and the passenger as **Erick Larios Acosta**.

9.      Both the driver and the passenger consented to a search of the vehicle. Deputy Guzman conducted a consent search and located inside the rear passenger side door panel seven large rectangular, green cellophane wrapped substances that appeared to be approximately 1 kilogram each of suspected fentanyl. The suspected fentanyl was later tested at the Fresno County Sheriff's Office with the test results showing presumptive positive for fentanyl.  In total, approximately 7 kilograms of fentanyl were found in the Honda Civic.

---

[1] The "number 1 lane" refers to the far left lane. The "number 2 lane" refers to the lane to the right of the number 1 lane.

AFFIDAVIT

10. Deputy Guzman placed **Victor Piceno Madrigal** and **Erick Larios Acosta** under arrest. Deputy Guzman, who is fluent in Spanish, *Mirandized* both **Victor Piceno Madrigal** and **Erick Larios Acosta** in Spanish. Both **Victor Piceno Madrigal** and **Erick Larios Acosta** acknowledged their rights and agreed to speak. The two men, however, denied any knowledge of the fentanyl in the vehicle.

### IV.    CONCLUSION

11. Based on the facts and circumstances described in this affidavit, there is probable cause to believe **Victor Piceno Madrigal** and **Erick Larios Acosta** each Possessed with Intent to Distribute over 400 Grams and More of a Mixture Containing a detectable Amount of -phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("Fentanyl") and Title 21, United States Code, Section 846, Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams and More of a Mixture Containing a Detectable amount of -phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("Fentanyl").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

_Aaron Cha_
_____
Aaron Cha
Special Agent
DEA

This Affidavit was submitted to me by email/pdf and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1, and 41(d)(3).

_Erica P. Grosjean_
_____
Hon. Erica P. Grosjean
United States Magistrate Judge

Reviewed as to form.

 /s/  Antonio J. Pataca
ANTONIO J. PATACA
Assistant U.S. Attorney

AFFIDAVIT